WENONAH MILITARY ACADEMY, Plaintiff and Appellee, v. FRANK ANTONSANTI, Defendant and Appellant.

No. 4633. Argued May 10, 1929.—Decided December 11, 1929.

*Feliú & La Costa*, for appellant. *Besosa & Besosa*, for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The Wenonah Military Academy, a corporation of New Jersey, brought an action of debt in the District Court of San Juan against Frank Antonsanti to recover the sum of $2,170.74, with interest and costs.

It was alleged in the complaint that the defendant resided in Porto Rico and in accordance with that allegation the summons was issued. When the marshal attempted to serve this summons, he was informed that the defendant was out of the Island, and he so reported to the court.

The record also shows a motion to secure the effectiveness of the judgment and an order of the lower court decreeing the attachment of defendant's property for that purpose. Then follows a motion designating, as the property of the defendant, a piece of land situated in the Municipality of San Juan; and then the writ of attachment, the return to which is as follows:

"I CERTIFY: That in pursuance of the order of attachment indorsed on the back hereof and in accordance with the 'Motion Designating Property' filed by attorneys Besosa & Besosa, I proceeded to attach and did attach as belonging to defendant Frank Antonsanti, the following:

" 'RURAL—A parcel of land in the ward of Santurce of San Juan, P. R., which parcel is alleged to have an area of 2,955 meters. It is recorded in folio 197, back, of volume 58 of this City, property No. 2491, third record. The portion which has been attached out of this property is what remains after excluding the portions segregated and will secure, for the purpose of this attachment, the sum of $2,670.74.'

"For the purpose of levying the present attachment I issued, under date of June 20, 1927, a writ addressed to the Registrar of Property (First Section) of San Juan, directing him to record in the books of the registry the attachment of the property above described, and delivered the said writ to attorney Besosa Jr., for presentation to the aforesaid registrar.

"San Juan, P. R., June 21, 1927.—(signed) Eduardo Urrutia, Marshal, District Court.

"There is a canceled $3 excise stamp and the seal of the Marshal."

The above took place on June 20 and 21, 1927. On June 30, 1927, the plaintiff filed a sworn petition in due form requesting that the defendant be summoned by publication and he gave the following as the present address of the defendant: "c/o J. A. Rexach, 620 W. 116 St., New York City." On July 1st the court issued the order sought, directing that service be made upon the defendant by publication of the summons and that a copy thereof be mailed directly to his given address.

It appears from the record that that order of the court was duly complied with and the corresponding notices published in the newspaper *"El Mundo"* of San Juan on July 5, 13, 21 and 29 and August 6, 1927.

On August 25, 1927, after the time allowed by law for the defendant to appear and answer had expired, the plaintiff moved that the default of the defendant be entered and that judgment against him be forthwith entered likewise.

On March 17, 1928 ,the following judgment was rendered:

"On December 20, 1927, the default of defendant herein was duly entered by the Clerk of this Court.

"On March 16, 1928, this case was called for an ex parte hearing, and the plaintiff appeared represented by its counsel Besosa & Besosa.

"After reading the pleadings and hearing the evidence introduced by the plaintiff the case was closed for judgment and the Court on this date, after due consideration of the case, all the allegations of the complaint having been satisfactorily proved, as well as that the defendant Frank Antonsanti really owed to the plaintiff the sum of $2,170.74;

"THEREFORE, the court sustains the complaint and consequently adjudges that the defendant pay to the plaintiff Wenonah Military Academy the sum of $2,170.74; and lawful interest thereon from the filing of the complaint, with costs, but without including attorney's fees."

At this stage of the proceedings, the defendant, through his attorneys Feliú & La Costa, filed on April 14, 1928, in the district court a motion wherein it was sought to set aside the judgment on the ground that the defendant had not been duly summoned. The plaintiff opposed the motion and the court, after hearing the parties and considering the original record, supplemented by the documents filed by the plaintiff in support of its opposition to the motion, made an order on the 25th of the same month of April, the concluding part of which is as follows:

"The motion to vacate the judgment is overruled."

The present appeal has been taken from that order.

It is conceded that the exercise of a personal action is involved herein and that the defendant resides out of Porto Rico. The jurisprudence which establishes that in personal actions jurisdiction of a nonresident defendant summoned by publication can only be acquired if his property has been attached or some act of equivalent import has been accomplished (*Pennoyer* v. *Neff*, 95 U. S. 714), is so well known that the parties do not even discuss it.

The controversy here is whether or not it is required that the attachment be levied and such levy appear of record before the order directing the service by publication can be issued, and whether or not it is necessary that the attachment be also notified to the defendant by publication and that such notice appear of record before the court can render a valid judgment against the defendant.

Appellant invokes in his brief the following jurisprudence of this court:

"When real property is attached the marshal must be given a description of the property by the party and his function is only to give written notice to the registrar of property of the district for the record of the attachment in the registry, and to the defendant, etc. *Rodríguez* v. *Dist. Court of San Juan*, 31 P.R.R. 659, 660.

"In the issuance of the attachment and the levy of the same upon property situated within the jurisdiction of the court, the statutes governing such proceedings must be carefully followed in order to make the service effective. *Huete* v. *Teillard*, 17 P.R.R. 46, 50.

"The special prohibition contained in section 9 of the Act to secure the effectiveness of judgments of March 1, 1902, requires that the owner of the attached property shall be specially notified. *Oliver* v. *Registrar*, 22 P.R.R. 659, 662.

"When in a personal action against a nonresident an attachment of his property is ordered to secure the effectiveness of the judgment the court does not acquire jurisdiction of the matter and can not order that he be summoned by publication until the attachment is formally levied by being recorded in the registry and notice thereof

to the defendant appears from the record. *Cosme* v. *Santi,* 37 P.R.R. 710.''

The precise situation involved in the case at bar was not covered by any of the above cited decisions.

In the *Rodríguez* case, *supra,* the attachment of a growing crop was involved. In the *Huete* case it was held that the court did not acquire jurisdiction because the period fixed for the publication of the summons had not fully elapsed; and in the *Oliver* case the particular question involved was the prohibition to alienate property. It is the last of the cases above cited, *Cosme* v. *Santi, supra,* which most closely resembles the case herein. But in that case, notwithstanding the fact that the question of nullity was raised, the plaintiff failed to prove that the attachment had ''even been recorded in the registry'', whereas in the case now before us the plaintiff showed, when the question of nullity was raised, that the attachment had been recorded in the registry and that notice thereof had been mailed to the address of the defendant in New York by registered letter, delivered to him.

At the time the order for publication of the summons was issued, the attachment had already been decreed and recorded in the registry, which record is by itself sufficient notice to all the world. However, direct notice to the defendant was lacking.

No case covering such situation is cited by the appellant, and having regard for the circumstances present herein, we are inclined to the view that the district court had jurisdiction to direct that the service be made by publication of the summons.

Let us now consider those circumstances, as of the time of the trial.

There is no doubt that at that time the attachment had been ordered and recorded in the registry, the order for publication of the summons had been issued, the summons had been duly published, and the time granted to the defend-

ant to appear and answer had fully expired without his having taken any action.

Had notice of· the attachment been served on the defendant? The law requires that he be served with notice; but it does not specify how. Undoubtedly, it would be a good practice to mention the fact of the attachment in the published summons, whenever this· can be done. But we are inclined to hold that this is not absolutely necessary in a case like the one at bar, where the following pertinent circumstances appear from an affidavit of counsel for plaintiff:

"That the attachment levied in the present case is good and sufficient as required by law, and although possibly it may not appear from the documents that the defendant has been served with notice of the attachment, the undersigned attorney states under oath that it was he, himself, who sent out the copies of all pleadings, orders and writs in the present cation at its commencement, and he affirms that he forwarded to the address of the defendant Frank Antonsanti, c/o J. A. Rexach, 620 W. 116 St., New York City, which address was given to· the undersigned attorney by attorney Ricardo La Costa Jr., true and faithful copies of the complaint, the published summons, the motion to secure the effectiveness of the judgment, the order of attachmnt, the motion designating the property attached in the present case, and a copy of the notice of such attachment, served on the Registrar of Property by the Marshal, similar to the form of notice annexed hereto; and that the plaintiff has in his possession the 'return receipt' attesting to the receipt of the above documents· by the defendant, which receipt is attached hereto and made a part of this motion."

All this should have appeared of record when the case was called for trial, but we think that since it was shown in the course of the proceedings that the attachment had actually been ordered and levied prior to the trial, the defect was cured and the fact established that the court acted with full jurisdiction over the defendant. It is well to remember that the order of attachment was issued on June 20, 1927; that the attachment was recorded in the registry on June 21, 1927; that the envelope containing the notice was delivered to

Antonsanti in New York on July 18, 1927; that the summons was published on July 5, 13, 21 and 28, and August 6, 1927; that the default was entered on December 20, 1927; and that it was not until March 16th of the following year that the trial took place and not until March 17th when the judgment was rendered.

Such being the peculiar circumstances of this case, which offers a very different situation from that controlling in *Cosme* v. *Santi, supra,* we think that the district court was warranted in refusing to set aside the proceedings and the judgment.

The order appealed from must be affirmed.